**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MAURICE RENE MACHUCA,<br><br>       Petitioner,<br><br>vs.<br><br>DORA B. SCHRIRO, et al.,<br><br>       Respondents. | No.  CV 07-043-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Maurice Rene Machuca ("Machuca").  Respondents have filed an Answer and Machuca has filed a Reply.

*Factual and Procedural Background*

On June 15, 2006, the Court of Appeals of Arizona summarized the state proceedings as follows:

> Petitioner Maurice Machuca was indicted in 1994 for four counts of sexual conduct with the four-year-old daughter of his girlfriend.  He pled guilty to one of those counts and was sentenced in March 1994 to a partially aggravated, twenty-two-year prison term.  His conviction became final the same year, Machuca having waited more than two years before seeking any post-conviction relief.  *See State v. Towery*, 204 Ariz. 386, ¶ 8, 64 P.3d 828, 832 (2003) (conviction is final when "the availability of appeal [has been] exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"), *quoting Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).
>
> Since September 1996, Machuca has filed five untimely notices of post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P., 17 A.R.S.  In response to the first, the trial court appointed counsel who could find no meritorious issues to raise that

would entitle Machuca to relief. Machuca was allowed to file a supplemental, pro se post-conviction petition, which the trial court summarily dismissed in April 1997. The court has subsequently dismissed each successive post-conviction proceeding Machuca has filed in 2001, 2003, 2004,[1] and 2005.

> [1]Machuca petitioned for review of the trial court's orders denying both post-conviction relief and a motion for reconsideration in his fourth post-conviction proceeding, and we likewise denied relief. *State v. Machuca*, No. 2 CA-CR 2004-0319-PR (decision order filed June 3, 2005).

Answer, Ex. V, pp. 1-2.[1] The appellate court granted review, but denied relief. On November 3, 2006, the Court of Appeals also granted review, but denied relief on the denial of Machuca's sixth petition for post-conviction relief (which Machuca had entitled as a motion to withdraw his guilty plea). Answer, Ex. CC.

Although Machuca had been sentenced on March 9, 1994, Answer, Ex. C, Machuca did not file his first Notice of Post-Conviction Relief until September 19, 1996. In the petition subsequently filed by appointed counsel, Machuca asserted that trial counsel had been ineffective and that Machuca's plea was not knowing and voluntary. Additionally, Machuca filed a supplemental petition arguing that the court had erred in permitting the admission of other act evidence and failing to consider all relevant mitigating circumstances in imposing sentence, counsel was ineffective, and there was a violation of his Fifth Amendment right to counsel during police questioning. On October 10, 1996, the post-conviction court summarily dismissed the petition pursuant to Ariz.R.Crim.P. 32.6(c). Machuca did not seek review.

In August 2001, Machuca filed his second Notice of Post-Conviction Relief. Machuca argued that he never saw nor signed the plea agreement. The post-conviction court found that Machuca's claims were "patently false" and denied relief. Answer, Ex. J. Machuca did not seek review. Machuca subsequently sought further post-conviction relief in the state court four more times beginning in 2003. In each of these attempts, Machuca was denied relief.

On or about January 25, 2007, Machuca filed the pending Petition for Writ of

---

[1]The Court notes that the indictment is dated December 10, 1993. Answer, Ex. A.

- 2 -

1  Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254.  Machuca
2  asserts that there was a violation of his plea agreement, the court aggravated his sentence
3  with a dismissed prior, he was not appointed an attorney until after the grand jury indicted
4  him, he was not informed of his right to be present at grand jury proceedings, appellate
5  counsel said he could find no errors, counsel failed to move to suppress Machuca's
6  statements, counsel failed to object to the judge using the dismissed prior to aggravate his
7  sentence, and counsel did not provide advice on how to appeal his case.  Respondents
8  have filed an Answer and supplemented their Answer pursuant to Court order. Machuca
9  has filed a Reply.

*Statute of Limitations*

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections not being applicable, Machuca must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  At the time Machuca's judgment became final, the AEDPA had not yet been passed.  Therefore, "the federal limitations period began running on AEDPA's effective date, April 24, 1996, giving [Machuca] one year from that date (in the

absence of tolling) to file a federal habeas petition." *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2137, 153 L.Ed.2d 260 (2002). Therefore, Machuca's one-year limitation period expired, absent tolling, on April 24, 1997. However, Machuca did not file his Petition until January 25, 2007. Machuca's Petition, therefore, was clearly filed outside the statute of limitations as set forth in the AEDPA.

*Statutory Tolling of Limitations Period*

The limitations period is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the state courts. 28 U.S.C. § 2244(d)(2). Machuca filed his first Notice of Post-Conviction Relief on September 19, 1996. This notice was filed before the expiration of the AEDPA's statute of limitations. However, a request for post-conviction relief is "properly filed" when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, and the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). In 1996, when Machuca filed his first Notice, Arizona's post-conviction rules provided that "[i]n a non-capital case, the notice must be filed within ninety days after the entry of judgment and sentence[.]" Ariz.R.Crim.P. 32.4(a).[2] Machuca did not file his first Notice of Post-Conviction Relief within 90 days after the entry of judgment and sentence. His request for post-conviction relief, therefore, was not properly filed and Machuca is not entitled to statutory tolling.[3]

---

[2] The rule currently states that, "[i]n a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence[.]" Ariz.R.Crim.P. 32.4(a).

[3] On June 15, 2006, the Court of Appeals stated that, "[s]ince September 1996, Machuca has filed five untimely notices of post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P., 17 A.R.S." Answer, Ex. V, p. 2. In *Waldrip v. Hall*, 548 F.3d 729 (9th Cir. 2008), the Ninth Circuit cited *Delhomme v. Ramirez*, 340 F.3d 817, 819-21 & n. 2 (9th Cir. 2003), for the principle that, where there is no indication that a state petition is untimely, statutory tolling is

- 4 -

1  Even if Machuca's first request for post-conviction relief had been properly filed, statutory tolling would not result in a finding that Machuca's Petition had been timely filed. When Machuca filed his first Notice, he had 217 days remaining of the one-year limitations period. *See e.g., Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (AEDPA's one-year limitations period was tolled once Arizona prisoner had filed notice of post-conviction relief). Following the post-conviction court's dismissal of the proceedings on October 10, 1996, Machuca did not seek review in the appellate court and the statute of limitations began to run again on November 11, 1996. Indeed, Machuca sought no further relief or review prior to June 17, 1997, when the remaining 217 days of the limitations period ran out.

Moreover, under Arizona's post-conviction rules, Machuca's subsequently filed requests for post-conviction relief were not properly filed. Additionally, the Ninth Circuit applies a two-part test to determine whether a habeas petitioner is entitled to statutory tolling of the period between the denial of a first post-conviction relief petition "and the commencement of his next series of petitions":

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003). But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), and his application is still "pending" for tolling purposes. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) ("until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending'"). We thus construe the new petitions as part of the first "full round" of collateral review. *Carey*, 536 U.S. at 222. We then ask whether they were ultimately denied on the merits or deemed untimely. *Id.*. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

*King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds* (second series of petitions made no attempt to correct prior petition; second series of petitions were treated as a separate round); *see also Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir.

---

proper. Here, the Court of Appeals determined, albeit ten years later, that Machuca's petition was untimely.

- 5 -

2007). Approximately five years after Machuca was denied relief in his first post-conviction relief proceedings, he again sought post-conviction relief. However, the factual basis of Machuca's new claim was not related to his original post-conviction relief proceedings. Moreover, the Court of Appeals also found these proceedings to be untimely. Answer, Ex. V. Machuc'a second post-conviction proceeding constitutes a "new round" and the time between the first and second proceedings is not tolled. *King*, 340 F.3d at 823.   Moreover, Machuca cannot restart the limitations period by his subsequently filed Petitions for Post-Conviction Relief. *See e.g., Ferguson*, 321 F.3d at 823 (application for post-conviction relief in Oregon courts did not reinitiate AEDPA's statute of limitations); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jimenez v. Rice*, 276 f.3d 478, 482 (9th Cir. 2001). Therefore, Machuca is not entitled to statutory tolling of the limitations period beyond June 17, 1997.

*Equitable Tolling of Limitations Period*

While the United States Supreme Court has not determined that 28 U.S.C. § 2244(d)(2) allows for equitable tolling, it has assumed so in resolving cases. *See e.g., Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1815, 161 L.Ed.2d 669 (2005). In *Bowles v. Russell*, 127 S.Ct. 2360 (2007), the Supreme Court determined that the jurisdictional time for filing a notice of appeal was not subject to a unique circumstances exception. However, the Ninth Circuit has found that § 2244(d) allows for equitable tolling after *Bowles*. *Harris v. Carter*, 515 F.3d 1051, 1054-57 (9th Cir. 2008); *see also Waldron-Ramsey v. Pacholke*, — F.3d. — , — n. 2, No. 07-35938 (9th Cir. 2/25/09). Indeed, the Second Circuit Court of Appeals has stated:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA

1 limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Diaz v. Kelly*, 515 F.3d 149, 153 (2nd Cir. 2008).  The Court finds, therefore, that 28 U.S.C. § 2244(d)(2) allows for equitable tolling.

The Ninth Circuit Court of Appeals has found that equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (internal quotation marks omitted); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule"); *Shannon*, 410 F.3d at 1090  ("Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials, or occasionally, by the petitioner's counsel."); *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006).  Machuca bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418, 125 S.Ct. at 1814.

Machuca argues in his Reply that he had not been advised that he could move to withdraw from his plea agreement and he filed his motion to withdraw from the plea agreement when he discovered the injustice done to him.  Indeed, Machuca asserts that he had limited access to a law library and has no education or knowledge of the law.  However, grounds for equitable tolling must be external to the defense, *i.e.*, "beyond a prisoner's or his attorney's control." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).  While counsel's ineffectiveness may be so egregious that it constitutes a cognizable impediment to filing, *see e.g., Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (counsel failed to file appeal and despite a request that he return file, counsel retained the file for the duration of the limitations period), erroneous information provided by an attorney does not necessarily provide the basis for equitable tolling. *See Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.E.d2d 924 (2007) ("[a]ttorney

- 7 -

1    miscalculation is simply not sufficient to warrant equitable tolling, particularly in the
2    postconviction context where prisoners have no constitutional right to counsel"); *Miranda*
3    *v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) ("because [petitioner] had no right to the
4    assistance of his appointed appellate counsel regarding post-conviction relief, it follows
5    that he did not have the right to that attorney's 'effective' assistance, either").  Here,
6    Machuca is not asserting that his attorney provided erroneous advice, merely that counsel
7    did not advise him of a potential issue.  The Court finds this does not present an
8    extraordinary circumstance.  Moreover, lack of access to library material does not
9    automatically qualify as grounds for equitable tolling.  *See Frye v. Hickman*, 273 F.3d
10   1144, 1146 (9th Cir. 2001), *as amended*.  Indeed, in *Hendon v. Walker*, 278 Fed.Appx.
11   762 (9th Cir. 2008), the court found a petitioner's argument was insufficient to warrant
12   equitable tolling where he asserted that his use of the law library was restricted and he
13   was physically unable to file any habeas petitions.  Machuca has provided no details as
14   to how his access to legal materials was limited.  *See e.g., Waldron-Ramsey*.  Indeed,
15   prison official are permitted to regulate the time, manner, and place in which library
16   facilities are used.  *See e.g., Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851
17   (9th Cir. 1985).  Moreover, Machuca's lack of legal education does not present an
18   extraordinary circumstance.  *See e.g., Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.
19   2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary
20   circumstance warranting equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th
21   Cir. 2000) (ignorance of law does not warrant equitable tolling).

22          Machuca further asserts that his filing five Rule 32 petitions shows that he was
23   acting diligently as he was trying to find any errors on his own. However, rather than
24   finding Machuca's repeated filings to show diligence, the Court finds the repeated filings
25   show that Machuca has "thrown in the proverbial kitchen sink[,]" *Kaplan v. Rose*, 49 F.3d
26   1363 (9th Cir. 1994) (discussing numerous allegations of misleading statements or
27   omissions in a complaint or in support of summary judgment), *citation omitted*, in an
28   attempt to receive post-conviction relief. Additionally, the Court considers that Machuca

- 8 -

1  failed to seek any relief between October 1996 and August 2001.

2  It is Machuca's burden to establish equitable tolling and he has not provided any
3  basis to show that he is entitled to equitable tolling.  Machuca has failed to meet the "very
4  high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), of
5  establishing that extraordinary circumstances beyond his control made it impossible for
6  him to timely file a habeas petition *and* that those extraordinary circumstances were the
7  cause of his untimeliness.  Rather, it appears that Machuca's lack of diligence caused his
8  failure to meet the AEDPA's one year statute of limitations.  *See Miles v. Prunty*, 187
9  F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is only appropriate where "external
10 forces, rather than a petitioner's lack of diligence, account for the failure to file a timely
11 claim").

12 The Court finds that Machuca has failed to establish that he is entitled to equitable
13 tolling.  Machuca's habeas petition, therefore, is untimely.

15 Accordingly, IT IS ORDERED:

16 1.  Machuca's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
17 is DENIED;

18 2.  This matter is DISMISSED with prejudice, and;

19 3.  The Clerk of the Court shall enter judgment and shall then close its file in
20 this matter.

21 DATED this 26th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge